IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DOROTHY E. HARTZLER, and
COUNTRY CLUB TRUST COMPANY,
N.A.,

        Plaintiffs,

v.                              Case No. 12-2570-JTM

CHRISTINE E. WOODRUFF, ABIGAIL
M. HARTZLER, AMANDA C. FERRIS,
and LOIS KAUFFMAN,

        Defendants.

MEMORANDUM AND ORDER

The court has before it the defendants' motion to dismiss (Dkt. 5). The defendants argue that (i) the contract upon which plaintiffs base their complaint is not enforceable, (ii) the plaintiffs have no standing to bring a challenge based upon the contract, and (iii) the court should decline jurisdiction under 28 U.S.C. § 2201(a). After reviewing the parties' arguments, the court grants the defendants' motion to dismiss.

**I. Background**

Plaintiff Dorothy E. Hartzler is the widow of Geoffrey O. Hartzler. Plaintiff Country Club Trust Company is one of two trustees appointed to Geoffrey's Trust. The defendants are Geoffrey's three children, Christine E. Woodruff, Abigail M. Hartzler, and Amanda C. Ferris, and their Mother, Geoffrey's ex-wife, Lois Kauffman.

In August of 1982, Geoffrey filed a petition for divorce in Johnson County District Court. The district court entered a journal entry and decree of divorce on May

10, 1983, which incorporated by reference the parties' Separation Agreement signed on April 29, 1983. In the Separation Agreement, Geoffrey agreed to leave no less than half of his estate (less taxes, debts, and expenses) to the couple's three daughters, Christine, Abigail, and Amanda. The Separation Agreement also stated that it was absolute and irrevocable, binding on the parties, and that any modification of the Separation Agreement must be agreed to, reduced to writing, and signed by Lois and Geoffrey.

Geoffrey later married Dorothy. Dorothy has one child, Angela G. Arnn, who is not a child of Geoffrey. After they married, Geoffrey created the Geoffrey O. Hartzler Revocable Trust in January of 1997, and Dorothy created the Dorothy E. Hartzler Revocable Trust. In June of 2010, Geoffrey executed a new will that left his "Residuary Estate" to his own daughters and to Angela. Geoffrey sought to have Christine, Abigail, and Amanda each sign a document—the Agreement Interpreting Separation Agreement ("Interpretation Agreement"). The Interpretation Agreement "clarified" that the word "estate" in the Separation Agreement actually meant "residue of Geoffrey's probate estate." Lois was not made a party to the Interpretation Agreement.

Geoffrey died on March 10, 2012. His probate estate was opened on May 17, 2012, when Dorothy filed a petition in Johnson County District Court to submit the will and requested that she be appointed executrix of the estate. Plaintiffs then filed the instant action on August 30, 2012, seeking to interpret and enforce the Interpretation Agreement against Christine, Abigail, and Amanda. Plaintiffs filed an Amended Complaint that added Lois as a defendant to this case. On September 8, 2012,

Defendants filed a petition in the Johnson County probate proceeding, setting forth claims based on Geoffrey's breach of the Separation Agreement.

The defendants now seek dismissal in the federal case pursuant to FED. R. CIV. P. 12(b)(6), or, in the alternative, stay or dismissal of the action under 28 U.S.C. § 2201(a).

**II. Legal Standard: Rule 12(b)(6) Failure to State a Claim**

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must give the defendant adequate notice of what the plaintiff's claim is and the grounds of that claim. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). "In reviewing a motion to dismiss, this court must look for plausibility in the complaint . . . . Under this standard, a complaint must include 'enough facts to state a claim to relief that is plausible on its face.' " *Corder v. Lewis Palmer Sch. Dist. No. 38*, 566 F.3d 1219, 1223–24 (10th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (clarifying and affirming *Twombly*'s probability standard). "The issue in resolving a motion such as this is 'not whether [the] plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims.' " *Bean v. Norman*, No. 008-2422, 2010 WL 420057, at *2, (D. Kan. Jan. 29, 2010) (quoting *Swierkiewicz*, 534 U.S. at 511).

3

### III. Analysis

Here, the court is not forced with a nuanced application of the plausibility standard set for by the U.S. Supreme Court in *Twombly* and *Iqbal*. The plausibility of the plaintiffs' claims is restricted by the contracts upon which these claims are based. The court finds that the plaintiffs cannot enforce the Interpretation Agreement because it improperly attempts to modify the Separation Agreement without the consent of Lois Kauffman. As a result, the court dismisses the plaintiffs' claims pursuant to FED. R. CIV. P. 12(b)(6).

The Separation Agreement specifically stated that it could not be modified without a writing signed by the parties:

> 12. Absolute Agreement. That this agreement is absolute and irrevocable and is not conditioned upon the parties being divorced or upon approval of the Court; that this agreement shall be considered to be contractual between them and binding upon the parties, their executors, administrators, heirs, devisees, beneficiaries, assigns, or other legal representatives, hereof; that *if, at some later date, any modification hereof is agreed upon between the parties, the same shall be reduced to writing, signed and acknowledged by them before it shall become effective.*

Dkt. 3, Ex. A (emphasis added). The stated purpose of the Interpretation Agreement is to "clarify" the meaning of the term "estate" in the Separation Agreement between Geoffrey Hartzler and Lois Kauffman. The Interpretation Agreement states that the term "estate" "could be construed to mean the gross estate of a decedent for estate tax purposes." *Id.* In order to avoid this apparently unwanted extreme interpretation, the

Interpretation Agreement attempts to adopt an opposite extreme, defining "estate" to mean merely the residue of Geoffrey's probate estate.

At the outset, it is unclear to the court what the general theoretical distinction between a modification and an interpretation might be. In the abstract, the line appears blurry to say the least and counsel has not provided any legal authority to clear the mist. However, this particular example of interpretation is nowhere near that haze. Interpreting "estate" to mean anything other than commonly used definitions of estate is less interpretation and more redefinition.

This example is beyond arguable as a mere interpretation. In order to argue that a mere interpretation—as opposed to a modification—has taken place, the "clarified" definition of the ambiguous word must be one of the common definitions that makes the word ambiguous in the first place. Although "estate" has many definitions, the residue of the probate estate is not one of them. A layperson might consider the word "estate" to refer to everything a person owns. An attorney who drafts wills and trusts might consider "estate" to refer to the probate estate in its entirety. An accountant or tax attorney might consider it to refer to the taxable estate upon death. But the word "estate" is not commonly used on its own to refer to the probate residue. The definition agreed to in the Interpretation Agreement is not one in common use that adds to the word's ambiguity.

The Separation Agreement requires Lois Hartzler's agreement and signature for any modification. Any interpretation or clarification of ambiguous words used by the parties in the agreement must be agreed to by the parties whose intentions were

5

memorialized by the contract. Even if the court were to allow one party to get around the contract's stated requirement for modification by arguing they merely "interpreted" it, Geoffrey's redefinition of "estate" to mean residue of the probate estate is inappropriate because it is not a common definition of the word. Essentially, Geoffrey attempts to place the word "residuary" in front of the word "estate" and argue that it is just an interpretation. An exception for interpretations of this breadth would swallow the Separation Agreement's specific requirements. In other words, with interpretations like these, who needs modifications?

Because Lois Kauffman did not sign a writing agreeing to this modification, the plaintiffs cannot rely on the Interpretation Agreement as a basis for their claim. Without being able to enforce the Interpretation Agreement, the plaintiffs cannot sustain their claims against the defendants. Pursuant to FED. R. CIV. P. 12(b)(6), the court finds that the plaintiffs fail to state a claim for relief. Accordingly, the court dismisses the claim.

## IV. Conclusion

The court dismisses the complaint for failure to state a claim. The plaintiffs' claims stem from an Interpretation Agreement that modifies the Separation Agreement. However, the Separation Agreement required a writing signed by the parties for any modification, and the Interpretation Agreement was not agreed to or signed by Lois Kauffman, one of the required parties. As a result, the Interpretation Agreement is not a valid modification of the Separation Agreement, and the plaintiffs cannot enforce it.

The court declines to address the defendants' additional arguments regarding standing and discretionary jurisdiction.

7

IT IS THEREFORE ORDERED this 18th day of March, 2013, that the defendants' motion to dismiss (Dkt. 5) is granted.

s/J. Thomas Marten<br>
J. THOMAS MARTEN, JUDGE